COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz,[*] Elder and Fitzpatrick
Argued at Salem, Virginia

FOOD LION, INC.

v.      Record No. 1957-94-3        MEMORANDUM OPINION[**] BY
                                    JUDGE JOHANNA L. FITZPATRICK
KENNETH J. GARDNER                      SEPTEMBER 12, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

William F. Karn (Richard A. Hobson; Williams & Pierce, on brief), for appellant.

A. Thomas Lane, Jr., for appellee.


The Workers' Compensation Commission awarded Kenneth J. Gardner (claimant) benefits based upon a determination that he had an occupational disease, carpal tunnel syndrome. The sole issue on appeal is whether claimant's condition is a compensable occupational disease or a noncompensable cumulative trauma injury resulting from repetitive motion. Finding no error, we affirm the commission.

The facts in this case are not in dispute. On April 2, 1990, claimant began working for employer as a stocker. His job duties included stocking the store's shelves with merchandise. In August 1993, claimant experienced some numbness and pain in his hands.

On November 4, 1993, claimant sought treatment from Dr. Ken

[*]Justice Koontz participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

[**]Pursuant to Code § 17.116.010 this opinion is not designated for publication.

L. Moles, who noted that claimant's "Tinel's and Phalan's sign[s] are positive" and told claimant that his condition was bilateral carpal tunnel syndrome caused by his employment. Dr. Moles referred claimant to Dr. Jean M. Marine, who performed release surgeries on claimant's hands in December 1993. In an April 4, 1994 letter, Dr. Moles stated that "[c]arpal tunnel syndrome is considered to be an industrial illness. It can be brought about by a repetitive motion and strain across the wrist joint." Dr. Marine in an April 6, 1994 letter also noted that "[c]arpal tunnel syndrome can be related to occupations requiring repet[i]tive heavy lifting or repet[i]tive stressful maneuvers to the hands/wrists."

The full commission found that claimant's carpal tunnel syndrome was an occupational disease and not a cumulative trauma injury resulting from repetitive motion: "Dr. Moles wrote in a letter of April 4, 199[4], that carpal tunnel syndrome is an 'industrial illness.' We find that the term 'illness' is synonymous with the word 'disease.' Therefore, the claimant has sustained a disease."

In Merillat Indus., Inc. v. Parks, 246 Va. 429, 436 S.E.2d 600 (1993), the Supreme Court of Virginia held that the Workers' Compensation Act "requires that the condition for which compensation is sought as an occupational disease must first qualify as a disease." Id. at 432, 436 S.E.2d at 601. In Merillat, the claimant suffered a rotator cuff tear, and "all the

2

testifying physicians except one described the rotator cuff tear as an injury," not as a disease.  Id. at 433, 436 S.E.2d at 602.

"Upon appellate review, the findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence."  Commonwealth, Dep't of State Police v. Haga, 18 Va. App. 162, 166, 442 S.E.2d 424, 426 (1994).  In the instant case, sufficient credible evidence supports the commission's finding that claimant's condition was a compensable occupational disease.  Dr. Moles described claimant's carpal tunnel syndrome as an "industrial illness," and neither Dr. Moles nor Dr. Marine characterized his condition as an injury.  Merillat does not preclude compensation for an illness or disease resulting from repetitive motion in employment, but merely disallows compensation when the repetitive motion or cumulative trauma results in an injury.  Thus, the mere fact that claimant's condition resulted from repetitive motion in his employment is not dispositive.  Indeed, claimant's situation is similar to that in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 438 S.E.2d 769 (1993), in which this Court approved the award of benefits to a claimant who suffered from de Quervain's disease.

Accordingly, the commission's decision is affirmed.

Affirmed.

Koontz, J., dissenting.

For the reasons more fully stated in my dissent in <u>Perdue Farms, Inc. v. McCutchan</u>, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1995) (Koontz, J., dissenting), I respectfully dissent.